# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

Bettsy Bumpas, in her capacity as the
Personal Representative of the Estate of J.B.,
Deceased,

        Plaintiff,

v.

(1) HOC Industries, Inc.,
(2) Dollar General Corporation,
(3) Berry Plastics Corporation, and
(4) Kerr Group, LLC.

        Defendants.

Case No. CIV-10-486-RAW

## ORDER

Before the court are the motion to dismiss by Dollar General Corporation ("Dollar General") and HOC Industries, Inc. ("HOC") [Docket No. 61] and the motion to dismiss by Berry Plastics Corporation ("Berry Plastics") and Kerr Group, LLC ("Kerr Group") [Docket No. 62].[1]

Plaintiff alleges in her Amended Complaint that her two year old son, J.B., died after he removed the cap and drank some "Island Party Citronella Torch Fuel" that was manufactured and bottled by HOC with a cap manufactured by Berry Plastics and/or the Kerr Group,[2] and that was sold by Dollar General to Christopher Bumpas, J.B.'s father. Plaintiff claims damages based on: (1) strict liability, (2) fraud and misrepresentation, (3) voluntary undertaking of a duty, (4) breach

---

[1] Chevron Phillips Chemical Company, LP was dismissed on June 24, 2011.

[2] The Kerr Group is a wholly owned subsidiary of Berry Plastics.

of warranty, (5) nuisance, (6) consumer fraud, and (7) negligence. Plaintiff requests punitive damages.

Defendants HOC and Dollar General request that the court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state a claim upon which relief may be granted regarding strict liability, fraud, voluntary undertaking of a duty and consumer fraud. Defendants Berry Plastics and the Kerr Group also request that the court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state a claim upon which relief may be granted. Defendants Berry Plastics and the Kerr Group further argue that Plaintiff's claims are preempted by the Poison Prevention Packaging Act, 15 U.S.C. § 1471, et seq. ("PPPA") and that no private cause of action to enforce the PPPA exists. Defendants HOC and Dollar General join in these arguments.

**Fed. R. Civ. P. 12(b)(6)**

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).

To survive the motions to dismiss for failure to state a claim, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must nudge her "claims across the line from conceivable to plausible," otherwise her Amended Complaint must be dismissed. Id. The Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

**Poison Prevention Packaging Act**

Defendants argue that the PPPA preempts Plaintiff's claims. The case law on whether the PPPA preempts certain state law actions is scant. Additionally, a finding of preemption is the exception rather than the rule. See Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996); Cosmetic, Toiletry and Fragrance Ass'n, Inc. v. State of Minn., 440 F.Supp 1216, 1220 (D.C. Minn. 1977).

Section 1476(a) of the PPPA reads:

Except as provided in subsection (b) and (c) of this section, whenever a standard established by the Commission under this Act applicable to a household substance is in effect, no State or political subdivision thereof shall have any authority either to establish or continue in effect, with respect to such household substance, any

3

> standard for special packaging (any exemption therefrom and requirement related thereto) which is not identical to the standard established under section 1472 of this title (and any exemption therefrom and requirement related thereto) of this Act.

15 U.S.C. § 1476. Subsections (b) and (c) allow for standards to be established that provide a higher degree of protection and that do not cause a substance to be in violation of the standard or requirement in effect under the PPPA.

The plain language of the statute clearly allows states to establish their own standards and requirements so long as compliance with those would not cause a violation of the standards and requirements under the PPPA. It does not follow that Congress intended to preempt state law actions such as the one now before the court. More importantly, the court is not convinced that Plaintiff's claims are in conflict with the PPPA. Accordingly, the court is not convinced that Plaintiff's claims are preempted by the PPPA.

**Fraud**

To state a prima facie case for common law fraud in Oklahoma, a plaintiff must show: "1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his (or her) own detriment." Bowman v. Presley, 212 P.3d 1210, 1218 (Okla. 2009). "Fraud is never presumed and each of its elements must be proved by clear and convincing evidence." Id.

The court agrees with Defendants that Plaintiff's claim that J.B. was defrauded by the appearance and smell of the citronella torch fuel does not meet the fraud standards. The Tenth Circuit requires that a complaint alleging fraud "set forth the time, place and contents of the false

4

representation, the identity of the party making the false statements and the consequences thereof." Koch v. Koch Industries, Inc., 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991).

As Defendants argue, the Amended Complaint contains no allegations of a positive assertion that was known to be false or made recklessly without knowledge of the truth. It also contains no allegations that any such positive assertion was made with the intention that it be acted upon. It further contains no allegations that any such positive assertion was relied upon by Plaintiff or J.B. to their detriment.

The court also agrees with Defendants that Plaintiff's claim that J.B., a two year old, was defrauded by the appearance and smell of the citronella torch fuel does not meet the plausibility requirements under Twombly. Accordingly, Plaintiff's claim of fraud is hereby dismissed.

**Voluntary Undertaking**

Plaintiff claims that Defendants voluntarily undertook and accepted an interest in the public's health. Plaintiff claims "[t]his voluntary undertaking included making a top-quality finished good, providing top-of-the-line customer service and product quality, serving their customers and consumers so that they would have a better life, and developing new technologies that improve the petrochemicals and plastics that are essential to our quality of life." Amended Complaint ¶ 37.

As Defendants argue, while a person or entity that voluntarily undertakes certain acts can create a reliance necessitating that the acts be reasonable, Oklahoma law does not require "top-of-the-line" product quality. Plaintiff has not pled facts sufficient to show that Defendants voluntarily undertook any duty beyond that of reasonable care, nor that Defendants were required

under Oklahoma law to provide "top-of-the-line" product quality. Plaintiff's voluntary undertaking claim is not plausible; thus, it is hereby dismissed.

**Strict Liability**

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted for strict product liability. In Oklahoma, in order to state a prima facie claim of strict product liability, a plaintiff must show: "(1) that the product caused plaintiff's injury; (2) that the defect existed in the product at the time of sale or at the time it left the retailer's possession and control; and (3) that the defect made the product unreasonably dangerous." Wheeler v. HO Sports, Inc., 232 F.3d 754, 756 (10th Cir. 2000) (citing Kirkland v. General Motor Corp., 521 P.2d 1353, 1363 (Okla. 1974)).

As to the last element, "[t]he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Kirkland, 521 at 1362-63. Despite Defendants arguments to the contrary, the court finds that viewing the factual allegations in the Amended Complaint in the light most favorable to Plaintiff, she has stated a claim for strict liability.

**Oklahoma Consumer Protection Act**

To plead a claim pursuant to the Oklahoma Consumer Protection Act ("OCPA"), a plaintiff must make allegations that, if true, would show that: (1) the defendant engaged in an unlawful practice as defined at 15 OKLA. STAT. § 753; (2) the challenged practice occurred in the course of defendant's business; (3) the plaintiff, as a consumer, suffered an injury in fact; and (4) the challenged practice caused the plaintiff's injury. Patterson v. Beall, 19 P.3d 839, 846 (Okla.

2000).

One practice listed as unlawful under 15 OKLA. STAT. § 753 is "[r]epresent[ing], knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another." 15 OKLA. STAT. § 753(7). Plaintiff has alleged that Defendants represented that the citronella torch fuel was capped with a child-proof cap, while it was not actually child-proof. Viewing Plaintiff's allegations in the light most favorable to Plaintiff, the court will not dismiss this claim.

**Other Claims**

Beyond their arguments regarding the PPPA, Defendants do not expound upon any arguments that Plaintiff's breach of warranty, nuisance, or negligence claims should be dismissed. Accordingly, those claims also remain.

**Conclusion**

Accordingly, the motions to dismiss [Docket Nos. 61 and 62] are hereby GRANTED in part and DENIED in part. Plaintiff's claims based on fraud and voluntary undertaking are hereby DISMISSED. Her other claims remain.

IT IS SO ORDERED this 1st day of September, 2011.

**Dated this 1st day of September, 2011.**

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

7