IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Gary Snow, in his capacity as the Personal Representative of the Estate of J.B., Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>(1) HOC Industries, Inc., and<br>(2) Dollar General Corporation,<br><br>        Defendants. | Case No. CIV-10-486-RAW |

### ORDER

This matter came on for telephonic hearing on October 31, 2011 on the motion to intervene by HOC Industries, Inc. ("HOC") [Docket No. 239] and the motion to disqualify by Dollar General Corporation ("Dollar General") [Docket No. 242). Both motions involved the question of whether HOC's counsel, Curtis Smith and Stacey Chubbuck, should be disqualified based on the conflict of interest with their former client, Dollar General. At the telephonic hearing, the court made an interim ruling denying the motions.

By Order entered on November 3, 2011, the court directed the parties to file simultaneous briefs regarding the issue of "knowing waiver" by November 14, 2011. HOC and Dollar General have filed those briefs. In their arguments on the issue of knowing waiver, both HOC and Dollar General cite the Oklahoma Rules of Professional Conduct ("ORPC"). In fact, Local Civil Rule 83.7 states that attorneys practicing in this court are expected to conduct themselves in accordance with the ORPC.

>ORPC 1.7(a), titled "Conflict of Interest: Current Clients," directs:
>
>Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
>
>(1) the representation of one client will be directly adverse to another client; or
>(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Dollar General is a former client of Mr. Smith and Ms. Chubbuck.  Moreover, in their motion to withdraw as counsel for Dollar General, Mr. Smith and Ms. Chubbuck advised the court "that an irreconcilable conflict of interest has risen that will prevent these lawyers and this firm from further representing Dollar General Corporation."  Clearly, ORPC 1.7(a)(1) and (2) apply.

The exception listed in 1.7(b) is not present, as Dollar General has not given informed consent in writing.  Dollar General argues, and the court agrees, that Dollar General did not knowingly waive its rights with regard to a conflict of interest, as any such waiver is required to be in writing under ORPC 1.7(b)(4).

Additionally, ORPC 1.9(a), titled "Conflict of Interest: Duties to Former Clients," provides:

>A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Included within the first comment to 1.9 is the direction: "Nor could a lawyer who has represented multiple clients in a matter represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients in that matter, unless all

2

affected clients give informed consent." Under the rule, any such informed consent must be in writing. No informed consent has been given here. Furthermore, ORPC 1.10 imputes conflicts of interest of any one attorney to his or her entire law firm.

For these reasons and others stated in Dollar General's brief, Dollar General's motion to disqualify [Docket No. 242] is hereby GRANTED. Mr. Smith, Ms. Chubbuck and the other attorneys within their firm are disqualified. HOC's motion to intervene [Docket No. 239] is DENIED.

HOC's counsel argues that during its representation of Dollar General, they shared confidential information of HOC with Dollar General's counsel. HOC argues that because of this, if its counsel are disqualified, Dollar General's counsel should be equally disqualified. Dollar General's counsel never represented HOC, never had an attorney-client relationship with HOC, and as such, have no responsibilities to HOC.* Thus, HOC's argument that if its counsel are disqualified, Dollar General's should also be disqualified is overruled.

IT IS SO ORDERED this 15th day of November, 2011.

**Dated this 15th day of November, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

*Moreover, upon demand from Dollar General for representation, HOC chose to provide the same counsel to represent both HOC and Dollar General; thus, if HOC's counsel then shared any confidential information of HOC with Dollar General's counsel, HOC assumed any risk therefrom.